IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| **ALAN K. JOHNSON** | ) | |
| **JANIE A. JOHNSON** | ) | **CHAPTER 7** |
| | ) | |
| Debtors. | ) | **CASE NO. 06-71511** |

---

| | | |
|---|---|---|
| **CHARLIE R. JESSEE, TRUSTEE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding No. 07-07084** |
| | ) | |
| **ALAN K. JOHNSON,** | ) | |
| **JANIE A. JOHNSON,** | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| **INDYMAC BANK, and** | ) | |
| **JAMES W. DEBORE, TRUSTEE** | ) | |
| | ) | |
| Defendants. | ) | |

---

**MEMORANDUM DECISION**

The matter before the Court is the Plaintiff's Motion to Dismiss Counterclaim of Indymac Bank, FSB ("Indymac"), which is one of the defendants. The Plaintiff, Charlie R. Jessee, Trustee is the Chapter 7 trustee of the Debtors' estate in the underlying bankruptcy case to this adversary proceeding. His Amended Complaint, as pertinent to the issue dealt with in this Decision, asserts that a December 6, 2004 deed of trust which the Debtors executed in favor of James W. DeBore as Trustee for the benefit of Indymac's predecessor in interest is ineffective against him as bankruptcy trustee as to a 1.35 acre parcel which is located at the same street address as a 3.00 acre parcel which the deed of trust specifically described by a metes and bounds description. Because that deed of trust also contains a reference to a county tax map parcel number for the 1.35 acre parcel, Indymac claims alternatively that such deed of trust is

sufficient to convey both parcels, or that the reference to the tax map parcel number was enough to furnish record notice to a theoretical bona fide purchaser for value in good faith that the deed of trust was intended to or might have been intended to include both parcels.  Although such claims have been made as defenses to the Amended Complaint, Indymac has also sought to employ them offensively in its Counterclaim seeking a declaration that the deed of trust encumbers both parcels free and clear of the bankruptcy trustee's interest, or alternatively that the deed of trust was sufficient to put a theoretical purchaser on notice of its true intent and that it should therefore be reformed to more fully and accurately express the true intent of the parties.[1]  Because Indymac's claim that the reference in the deed of trust to the county tax map parcel number for the 1.35 acre parcel is sufficient to put a real estate purchaser searching the land records on notice of the potential that it might be intended to encumber such parcel is arguably "plausible," the Court will deny the Motion to Dismiss in that respect, but will grant it as to the other claims it asserts.[2]

## FINDINGS OF FACT

---

[1] Indymac has sought the same relief against the Debtors by virtue of a Cross-Claim which is asserted against the Trustee in the Counterclaim, to which the Debtors have made no response.

[2] These other claims are that (i) using the street address which was inclusive of both parcels should have put a purchaser on notice that the metes and bounds description of the 3.00 acre parcel was incomplete, (ii) that a reference to the secured amount of a prior deed of trust which the new one purportedly refinanced served as a reference to the legal description of the parcel it encumbered even though its deed book and page recordation number were not correctly referenced, and (iii) Indymac is equitably subrogated to the rights of the mortgagee of the deed of trust which in fact was refinanced by its loan.  Counsel for Indymac acknowledged at the hearing upon the Trustee's Motion to Dismiss Counterclaim that the last mentioned claim lacked legal merit.  These additional claims will be discussed subsequently in the body of this Opinion.

The Debtors own two parcels of real property located in Smyth County, Virginia, a 1.354 acre parcel[3] designated as Smyth County Tax Map parcel No. 71-A-92C and a 3.00 acre parcel[4] designated on such Tax Map as Parcel No. 72-A-92C.  On or about  December 6, 2004 Alan and Janie Johnson, the Debtors in the present case, executed a deed of trust bearing that date to James W. DeBore as Trustee for the benefit of Home Loan Center, Inc. to secure a note dated December 4, 2004 in the amount of $172,800 payable to Home Loan Center, Inc., which subsequently assigned it to Indymac.  Although both the face page and property description page contain a reference to the Smyth County Tax Map parcel number for the 1.354 acre parcel but make no mention of the Tax Map parcel number of the 3.00 acre parcel, the actual metes and bounds description of the property being conveyed describes only the 3.00 acre parcel.  Indymac contends that it was the actual intent of the parties for the deed of trust to encumber both parcels. The property description portion of the deed of trust recites that the property being conveyed "currently has the address of 674 Quarter Branch Road, Sugar Grove, Virginia 24375."   The parties agree that both parcels have the same street address.  The first page of the deed of trust further recites that it represents a refinance of a deed of trust recorded in the Smyth County Circuit Court's Clerk's Office at Deed Book 636, page 493 in the original amount of $152,000. That previous deed of trust so referenced encumbered only the 3.00 acre parcel and was in the actual original amount of only $16,000, but Indymac asserts that the cross-reference was in error

---

[3] This parcel was acquired by a deed dated March 6, 2002 and recorded in the Clerk's Office of the Circuit Court of Smyth County at Deed Book 589, page 372.  This is the same parcel referred to as a 1.35 acre parcel in the Amended Complaint.

[4] This parcel was acquired by a deed dated November 3, 2003 and recorded in the same Clerk's Office at Deed Book 636, page 490.

and the reference should have been to a $152,000 deed of trust recorded at Deed Book 620, page 143, which encumbered only the 1.354 acre parcel, which apparently as a result of a scrivener's error identified it as a 1.254 acre parcel. Both of these deeds of trust, which were to secure loans from the Bank of Marion, had been released and marked satisfied on the records of the Smyth County Circuit Court Clerk's Office prior to the filing of the Johnsons' bankruptcy petition.

The Debtors filed the chapter 7 bankruptcy petition which commenced the present case on December 6, 2004. The discrepancies in the Indymac deed of trust were not discovered until Mr. Jessee as the Johnsons' trustee in bankruptcy reviewed the deed of trust and the deeds for the two parcels in question.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This adversary proceeding constitutes a "core" bankruptcy proceeding by virtue of the provisions of 28 U.S.C. § 157(b)(2)(K) and (O).

The Plaintiff's Motion to Dismiss Counterclaim is made pursuant to Bankruptcy Rule 7012(b)(6), which incorporates Federal Rule of Civil Procedure 12(b)(6). Indymac argues that the correct standard for determining such a motion is established by the Supreme Court's 2007 decision in the case of *Bell Atlantic Corp. v. Twombly*,[5] which holds after an extended discussion that a pleading alleging an antitrust conspiracy is sufficient for Rule 12(b)(6) purposes if it discloses "enough facts to state a claim to relief that is plausible on its face." 127

---

[5] ___ U.S. ___, 127 S.Ct. 1955 (2007).

S.Ct. at 1974. Whether that decision establishes a rule of decision for all types of federal civil cases is not entirely clear,[6] but for the purpose of ruling upon the Trustee's Motion to Dismiss this Court will assume that it is applicable to the instant dispute. Even in the comparatively simple case before this Court relating to the legal consequences under the Virginia land record recording statutes of specific language in a recorded deed of trust, determining what alleged facts are necessary to make a claim to relief more than just "conceivable," but "plausible on its face," is something of a challenge. *Id*. That is particularly so because a given set of alleged facts may be "plausible" even though they might strike "a savvy judge that actual proof of those facts is improbable." 127 S.Ct. at 1965. Although the Court discussed at some length why allegations of parallel conduct were insufficient to make a claim of conspiracy "plausible," it never set forth a definition of what it understood that word precisely to mean.

        The decision of this adversary proceeding turns on whether a reference in a deed of trust to a county tax map parcel number which is inconsistent with the metes and bounds description of the property intended to be conveyed serves as notice to a competent title examiner of Virginia land records that such description cannot be relied upon because it is or may be either totally wrong or may describe only part of the property intended by the parties to be encumbered by the deed of trust. While such a proposition strikes the Court at this point in this proceeding as unlikely,[7] it is much more difficult to say that it is not even "plausible."[8] It

---

[6] "We granted certiorari to address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct." 127 S.Ct. at 1963. After an extended discussion the Court determined that the plaintiffs' allegations of an antitrust conspiracy based on a lengthy period of "parallel conduct" were insufficient to cross the "plausibility" threshold.

[7] *See Diversified Development Co. v. Sendi*, 34 Va. Cir. 390, 1994 Va. Cir. LEXIS 71 (Fairfax Co. Cir. Ct. 1994) ("With regard to the admissibility of the tax maps, I find that the

5

may be, for example, that Indymac can produce at trial an expert competent to opine that the standard of practice for a title examiner in Virginia requires that he or she compare a tax map parcel number referenced in a deed or deed of trust with the county tax map and the metes and bounds description of the property contained in such instrument of conveyance and take any discrepancy noted as notice that such instrument either actually intended to convey the parcel shown on the tax map in lieu of the parcel actually described or in addition to it, or that it might produce other persuasive authority for such a proposition. If that were to occur and this Court were to accept such evidence or argument, the Plaintiff as bankruptcy trustee might not be able to qualify as a bona fide purchaser of the 1.354 acre parcel as of the filing date pursuant to 11 U.S.C. § 544(a)(3) with rights superior to the rights of Indymac in its deed of trust.

    While the Trustee is correct in asserting that Indymac has no basis for obtaining reformation of the deed of trust as to him if he does qualify as a bona fide purchaser under § 544(a)(3),[9] if he is determined to have had constructive notice that the metes and bounds description of the 3.00 acre parcel did not fully describe the property intended to be encumbered by that deed of trust, Indymac might have a valid ground for relief. Accordingly, insofar as the

---

lienors were not obligated to search the tax maps and that the Commissioner correctly found that the maps were inadmissible under *Smith v. Woodlawn Construction Co.*, 235 Va. 424, 368 S.E.2d 699 (1989)." 34 Va. Cir. at 391-92, 1994 Va. Cir. LEXIS at **4).

[8] "A purchaser of real estate has constructive notice of the recorded title papers of his vendor, and is charged with notice of all that an actual examination of them would disclose. It is a purchaser's duty to examine the records to ascertain whether his grantor's title is encumbered." *Fox v. Templeton*, 229 Va. 380, 385, 329 S.E.2d 6, 8-9 (1985), citing *Pillow v. Southwest Virginia Imp. Co.,* 92 Va. 144, 152, 23 S.E. 32, 34 (1895).

[9] *See Northeast Bank of Philadelphia v. Clark (In re White Beauty View, Inc.)*, 81 B.R. 290, 292-93 (Bankr. N.D. Pa. 1988); *Chase Manhattan Bank, N.A. v. Edmondson (In re Cunningham)*, 48 B.R. 509, 512 (Bankr. M.D. Tenn. 1985).

Motion to Dismiss seeks a dismissal of the Counterclaim with respect to a claim to relief based on the reference in the deed of trust to the tax map parcel number, it will be denied. It will be sustained, however, with respect to any claim based on the street address referenced in the deed of trust, any claim based on the deed of trust purportedly refinanced by Indymac's deed of trust, and any claim of equitable subrogation. Because the street address reference, even according to Indymac, was the correct one for the 3.0 acre parcel, even though it would also have been correct for the 1.354 acre parcel or for both parcels, it strikes me that there is no reasonable basis to conclude that such fact would be sufficient, either standing alone or in conjunction with the other contents of the deed of trust, to provide notice to a title examiner that such deed of trust was intended to encumber both parcels having the address of 674 Quarter Branch Road, Sugar Grove, Va. 24375. Similarly, it strikes me as distinctly implausible that a cross-reference to an incorrect secured amount in a deed of trust, which was referenced not for the purpose of more accurately describing the land being conveyed by means of incorporating by reference a description contained in an earlier document in the chain of title, but to obtain an exemption from, or credit against, the recordation tax ordinarily due upon the recording of a deed of trust, could be deemed notice to a title examiner of a different deed of trust in the correct amount, which was secured by a different parcel, thereby imparting the realization that the metes and bounds description contained in the new deed of trust was an incomplete or otherwise inaccurate description of the property actually intended to be encumbered. Such a contention seems remarkably far-fetched. Lastly, with respect to the equitable subrogation claim, counsel for Indymac has quite properly acknowledged that such claim has no merit because the deeds of trust to which equitable subrogation is sought, having been marked satisfied of record, could not

take precedence over the Trustee's rights as a theoretical bona fide purchaser for value of the Debtors' real estate as of the petition filing date.

For the reasons stated, the Court by separate order will sustain in part and deny in part the Trustee's Motion to Dismiss Counterclaim.

This 19th day of May, 2008.

_____
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| ALAN K. JOHNSON | ) | |
| JANIE A. JOHNSON | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | CASE NO. 06-71511 |

| | | |
|---|---|---|
| CHARLIE R. JESSEE, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 07-07084 |
| | ) | |
| ALAN K. JOHNSON, | ) | |
| JANIE A. JOHNSON, | ) | |
| BANK OF AMERICA, N.A., | ) | |
| INDYMAC BANK, and | ) | |
| JAMES W. DEBORE, TRUSTEE | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons stated in this Court's contemporaneous Memorandum Decision, it is

ORDERED

that the Plaintiff's Motion to Dismiss Counterclaim of Indymac Bank, FSB is DENIED in part and GRANTED in part. Insofar as the Motion to Dismiss seeks a dismissal of the Counterclaim with respect to a claim to relief based on the reference in the deed of trust to the tax map parcel number, it will be DENIED. It will be SUSTAINED however, with respect to any claim based on the street address referenced in the deed of trust, any claim based on the deed of trust purportedly refinanced by Indymac's deed of trust, and any claim of equitable subrogation.

The Clerk is directed to send a copy of this Order and the Memorandum Decision

to Charlie R. Jessee, Trustee; Mark L. Esposito, Esquire, counsel for the Trustee; the Debtors; Richard A. Money, counsel for the Debtors; Douglas T. Stark, Esquire, counsel for Indymac Bank; and the Office of the United States Trustee.

Enter this 19th day of May, 2008.

_____
UNITED STATES BANKRUPTCY JUDGE